NATHANIEL C. MEANS ET AL. *v.* MARY E. HALEY.

TAX TITLE. *Release of state's title. Acts* 1884 *and* 1888. *Gibbs* v. *Green.*
     Where land was sold in 1867 to the state for taxes and again in
     1870 to the liquidating levee board, and afterwards under the
     decree of the chancery court of Hinds county, in *Gibbs* v. *Green,*
     purchased by one who procured a release of the state's title
     under the acts of March 4, 1884 (Laws, p. 182), and March 2,
     1888 (Laws, p. 41), the validity of the title so acquired is not
     affected by the question whether the title was in the levee
     board or state, since if either had title, he acquired it; and such
     land is thereafter subject to sale for unpaid taxes as his prop-
     erty. *Paxton* v. *Valley Land Co.,* 68 Miss., 739, cited and
     approved.

FROM the chancery court of Leflore county.

HON. CAREY C. MOODY, Chancellor.

Mrs. Haley, the appellee, was complainant, and Means and
others, appellants, defendants in the court below. From a
decree in complainant's favor the defendants appealed to the
supreme court.

Mrs. Haley filed her bill in the chancery court of Leflore
county, against appellants and all persons having or claiming
any interest in the lands described in the bill, to quiet her
tax title to said land. Her bill shows the chain of title of
both complainant and defendants as follows—to wit: A patent
from the United States to W. H. Paxton, January 2, 1836;
a tax deed from the sheriff of Sunflower county to Ike Robin-
son in 1861; a sale to the state for taxes in 1867; a sale to the
liquidating levee board for taxes due the levee board in May,
1870; a deed from the liquidating levee board to Eugene C.
Gordon in October, 1881; a deed from Eugene C. Gordon to
Byron H. Evers in November, 1881; a sale to the state for taxes
in March, 1883; a deed from the state of Mississippi to James
D. Stewart, receiver, in March, 1885; a deed from James D.

Stewart, receiver, and J. M. McKee, special commissioner, to Thos. Watson, in March, 1886; a deed from Thos. Watson to the Delta & Pine Land Company in May, 1886; a quitclaim deed from Byron H. Evers to the Delta & Pine Land Company in November, 1886; a deed from the state of Mississippi, July 6, 1888, to the Delta & Pine Land Company, and sale by the tax collector of Leflore county to W. T. Rush in 1896; a quitclaim deed from the heirs of W. T. Rush to complainant, and a tax collector's deed to the complainant by the tax collector of Leflore county in 1900, the land having been sold for the taxes due for the year 1899. The bill further alleges as to complainant's title that on the 6th day of July, 1888, the state of Mississippi, under the provisions of an act approved March 2, 1888 (Laws 1888, p. 40, ch. 23), to quiet title in the Yazoo Delta, conveyed all its right, title, and interest in and to said land to the Delta & Pine Land Company, and that the Delta & Pine Land Company quitclaimed to complainant all its right, title, and interest in and to said land. The bill alleges that defendant Means claims title to part of said land under a patent issued by the state of Mississippi on January 24, 1900, and that defendant Allen claims title to the remaining portion under a patent issued to him by the state of Mississippi August 1, 1900. The bill charges that both of these patents are void; the state of Mississippi having conveyed all of its rights, title, and interest in and to the Delta & Pine Land Company in July, 1888. The defendant demurred to this bill, assigning the following cause of demurrer: In 1870 the land was not subject to sale for levee taxes and not subject to assessment for taxes. This demurrer was overruled, and defendants appealed.

*S. R. Coleman,* for appellants.

The sale to the levee board in 1870 was void, because the land was then held by the state under the sale of 1867, and was not subject to taxation. The act of 1888 was not applicable to the land in controversy.

*Pollard & Hamner,* for appellee.

The lands in suit were subject to taxation when they were sold in 1899, under which sale appellee claims. The Delta & Pine Land Company, as whose property they were sold, claimed under E. C. Gordon, who purchased under the decree in *Green* v. *Gibbs,* and procured a release under the act of 1888 (Laws, p. 41). The case falls squarely within *Paxton* v. *Valley Land Co.,* 68 Miss., 739.

TRULY, J., delivered the opinion of the court.

This case is controlled by the decision of this court in *Paxton* v. *Valley Land Company,* 68 Miss., 739 (10 South., 77), and we decline to disturb the rule of property which has grown out of that case. The intent of the legislature in enacting the several laws germane to this matter was to validate the title and make secure the possession of that large class of property owners in the delta of our state who hold under various sales for taxes made in years past. It certainly should not be the policy of the courts to disturb titles so quieted on account of any difference of opinion merely as to the correctness of past adjudications. In this class of cases, more than probably in any other, it is proper to observe and respect the wholesome doctrine of *stare decisis,* and follow the "broad and beaten way."

*Affirmed and remanded, with sixty days to answer after filing of mandate in the court below.*